United States District Court
Southern District of Texas
**ENTERED**
August 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANGEL NCOGO NDONG MANGUE, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-05617 |
| | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARTIN FRINK, *et al*, | § | |
| Respondent. | § | |

**ORDER ON DISMISSAL**

Petitioner Angel Ncogo Ndong Mangue filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 15, 2026. Dkt 1. He proceeds here *pro se*. He alleges lawful entry into the United States on a prior date and appears to contend that his present detention violates (i) the Immigration and Naturalization Act, and (ii) the Due Process Clause of the Fifth Amendment. Id at 1–2.

As to his present detention, Petitioner asserts that he entered lawfully on a visitor visa and later filed an application for asylum. Id at 2. He contends that the asylum application instructions state that he can't be removed while his application is pending. Id at 6. He alleges that any attempt to remove him while the asylum application is pending is unlawful. Ibid.

A document attached to the petition appears to show that Petitioner's visa is valid until February 2027. Id at 11. The Government was thus ordered to state its position with respect to Petitioner's claims. Dkt 5. Pending is its motion to dismiss. Dkt 6. It shows that Petitioner's visa was valid until January 2023 and wasn't extended. Dkt 6-1 at 1. The Government asserts that he was detained upon his release from state jail in May 2026 after serving a six-month

sentence for fraudulent use or possession of identifying information. Dkts 6 at 2 & 6-3. An immigration judge then held a bond hearing on July 13, 2026, at which bond was denied upon determination that Petitioner was a flight risk. Dkt 6-2. Since that time, his asylum application has been denied, and he has been ordered removed. Dkt 6-4. His time to appeal the order of removal hasn't yet expired. Dkt 6 at 2.

Broadly speaking, no jurisdiction exists for a district court to consider whether any allegedly valid visa was properly revoked, whether Petitioner's asylum application was properly denied, or whether the order of removal was properly entered. See *Ghanem v Upchurch*, 481 F3d 222, 223–24 (5th Cir 2007) (visa revocation); *Chavez v United States Immigration and Naturalization Services*, 55 F Supp 2d 555, 557 (WD La 1999) (denial of asylum); *Rosales v Bureau of Immigration and Customs Enforcement,* 426 F3d 733, 735–36 (5th Cir 2005) (order of removal).

The only issue over which jurisdiction exists is whether Petitioner is lawfully detained *in light of* the order of removal. Petitioner was charged with deportability under 8 USC §1227(a)(1)(B) for having overstayed his visitor visa. See Dkt 6-1 at 1. As such, his detention is governed by 8 USC §1226(a). See *Buenrostro-Mendez v Bondi*, 166 F4th 494, 499 (5th Cir 2026) (noting that §1226(a) applies to "admitted aliens who overstay or violate the terms of their visas"). Subsection (a)(2) does permit release on bond in some circumstances. But §1226(e) specifically prohibits a court from reviewing a discretionary decision under §1226(a) regarding whether to afford release on bond. See also *Bustamante v Mukasey*, 286 F Appx 239, 240 (5th Cir 2008); *Fuentes v Lyons*, 808 F Supp 3d 733, 737 (SD Tex 2025): "[D]istrict courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." As such, no jurisdiction exists to review the order denying Petitioner's request for release on bond.

The record also establishes that a bond hearing did occur, at which Petitioner was denied relief. This means

that, as to any due process claim, Petitioner was afforded the bond hearing to which he is entitled under §1226(a). Dkt 6-2. And as noted above, any further statutory arguments under the INA are foreclosed due to lack of jurisdiction.

The petition will thus be dismissed with prejudice on the basis presently submitted.

* * *

The motion by the Government to dismiss is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Angel Ncogo Ndong Mangue is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

All pending motions are DENIED AS MOOT.

A final judgment will enter separately.

SO ORDERED.

Signed on August 3, 2026, at Houston, Texas.



Honorable Charles Eskridge
United States District Judge